**Rajinder SINGH, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–70007.
INS No. A72–126–723.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001.[*]

Decided Jan. 2, 2002.

Before SCHROEDER, Chief Judge, TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM [**]

Rajinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of his application for asylum and withholding of deportation under 8 U.S.C. § 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a).[1] We deny the petition.

---

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997), and we therefore have jurisdiction under 8 U.S.C. § 1105a(a), as amended by IIRIRA § 309(c), *see Avetova–Elisseva v. INS*, 213 F.3d 1192, 1195 n. 4 (9th Cir.2000).

We review the BIA's credibility finding for substantial evidence and must uphold the finding unless the evidence presented compels a reasonable factfinder to reach a contrary result. *See de Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997). Although we give "substantial deference" to credibility findings, such a finding must be supported by a specific, cogent reason. *See id.*

The BIA gave specific and cogent reasons that were supported by substantial evidence for finding Singh's testimony not credible. Because the inconsistencies or omissions identified by the BIA go to the heart of the asylum claim, Singh's appeal was properly dismissed. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001).

We lack jurisdiction to consider Singh's eligibility for relief under Article 3 of the United Nations Convention Against Torture because he failed to raise the issue before the BIA. *See Ortiz v. INS*, 179 F.3d 1148, 1152–53 (9th Cir.1999) (noting that an applicant is free to raise the issue before the BIA in the form of a motion to reopen).

**PETITION DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, George's request for oral argument is denied.